MARTÍNEZ, PETICIONARIO Y APELANTE, v. JUEZ MUNICIPAL DE MAYAGÜEZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez, en procedimiento de *certiorari*.

No. 2634.—Resuelto en marzo 6, 1922.

*Certiorari*—APELACIÓN—DESESTIMACIÓN DE APELACIÓN POR FRÍVOLA.—Dictada sentencia en un caso de desahucio en contra del demandado, éste no puede prescindir del recurso ordinario de apelación y escoger el *"certiorari"* porque a su juicio es más rápido y eficaz, para pedir que se anule la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Otero Rivera.*

Abogado del apelado: *Sr. G. Altiery.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso interpuesto por ser frívolo. Y tiene razón a nuestro juicio.

Se trata de un pleito de desahucio seguido en la Corte Municipal de Mayagüez. Se dictó sentencia declarando con lugar la demanda el seis de diciembre de 1921 y el demandado dos días después presentó una solicitud en la corte del distrito pidiendo que se declarara nula dicha sentencia. Oídas las partes, la corte desestimó la solicitud "por cuanto teniendo el solicitante un remedio eficaz, beneficioso y rápido en ley, como era el recurso de apelación contra la sentencia a tenor de lo dispuesto en las secciones 10 y 11 de la Ley sobre Procedimiento de Desahucio, no procede la concesión del auto."

Insiste el apelante en que el recurso de *certiorari* era más rápido y eficaz. Puede admitirse que era más rápido y fácil, pero esa admisión habría que hacerla en todos los casos y entonces el recurso ordinario de apelación quedaría totalmente sustituído por el extraordinario de *certiorari*. Y esa no fué en modo alguno la intención del legislador.

El apelante trata de presentar el caso como uno en que la corte municipal actuó sin jurisdicción. De los autos re-

sulta que la demanda de desahucio se basaba en falta de pago del canon del arrendamiento. Se citó a las partes para la primera comparecencia que marca la ley. Compareció el demandado y alegó la excepción previa de que existía pendiente otra acción entre las mismas partes y por las mismas causas y formuló una contestación en la que expresa que había celebrado un contrato de arriendo con Genaro Balzac, representante de la demandante y con él había convenido en que la suma de doce dólares que la demandante tenía en su poder para responder de los alquileres se aplicara al pago de los del mes que venció el 25 de octubre y que para el pago de los del mes que venció el 25 de noviembre el demandado había depositado en la secretaría de la corte otros doce dólares. La demanda se interpuso el 2 de diciembre de 1921 y en ella se alegó que el demandado no había pagado los alquileres correspondientes a los meses vencidos el 25 de octubre y el 25 de noviembre últimos. Así las cosas, la demandante solicitó que se dictara sentencia y la corte la dictó sin aguardar a la segunda comparecencia.

¿Actuó por ello sin jurisdicción la corte? ¿Se trata de una sentencia nula por haber sido dictada en violación del trámite marcado por la ley? La cuestión es digna de estudio. Quizás la corte debió considerarla y resolverla por sus propios méritos, pero de todos modos no vemos que abusara de su poder discrecional y ya hemos dicho muchas veces que el auto de *certiorari* no es de procedencia obligatoria.

Por virtud de todo lo expuesto, debe desestimarse, por frívola, la apelación interpuesta.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.